UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-CIV-21630- ALTONAGA
CASE NO. 07-CR-20288- ALTONAGA

**NELSON VALDES,**

    Movant,

vs.

**UNITED STATES,**

    Respondent.
_____/

**UNITED STATES'ANSWER TO MOVANT VALDES'S MOTION
TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

On April 30, 2012, Movant Nelson Valdes ("Movant" or "Valdes") filed a Motion to Vacate Sentence Under 28 U.S.C. § 2255 ("Motion to Vacate") on the grounds that his counsel at his resentencing was so ineffective as to violate his Sixth Amendment rights. The Court should deny Movant's motion, without a hearing, because (1) it is time barred; (2) it is procedurally barred, and (3) it fails to overcome the strong presumption that his counsel's conduct at the resentencing fell within the wide range of reasonable assistance. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). First, Movant was required to file his Section 2255 motion within one year of his judgment becoming final. Movant's judgment, following the resentencing, was entered on April 12, 2011, and became final on April 22, 2011, but he did not file his motion until April 30, 2012. Second, Section 2255 motions cannot be based on arguments that could have been raised on direct appeal unless the movant can show cause as to why they were not raised, and prejudice resulting therefrom. Here, Movant did not appeal his resentence, and Movant can show neither cause for his failure to do so, nor prejudice from it. Third, Movant's

arguments do not come close to the *Strickland* standard for ineffective assistance. Movant complains his counsel at resentencing was ineffective because he failed to argue for an *incorrect* application of the United States Sentencing Guidelines ("USSG"), he did not prevent the Court from considering Movant's prior Medicare fraud convictions, and he failed to argue Movant's post-incarceration rehabilitation. These arguments fall far short of the high standard required for relief based on ineffective assistance of counsel. Movant's Motion, therefore, should be denied in its entirety without further hearing.

I.      PROCEDURAL BACKGROUND

On April 19, 2007, a federal grand jury sitting in the Southern District of Florida returned a five-count indictment charging Valdes with a multiple-object conspiracy to defraud the United States, to cause the submission of false claims, and to receive health care kickbacks, in violation of 18 U.S.C. § 371 (Count 1); conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (Count 2); and three counts of soliciting and receiving health care kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1) (Counts 3-5) ("the kickback counts"). (DE3).[1] The indictment also contained a forfeiture count. *Id.*

On July 18, 2007, after a six-day trial, the jury found Valdes guilty on all counts. (DE45). The jury also returned a forfeiture verdict, finding that $73,526.11 was forfeitable from Valdes. (DE44).

On September 26, 2007, Valdes was sentenced to 151 months imprisonment as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 151 months. This term consists of 31 months as to each of Counts 1, 3, 4, and 5, which shall be served concurrently with each other; and 120

---

[1]     For clarity, this brief will refer to documents filed in the criminal case, *United States v. Valdes*, 1:07-cr-20288) as "DE". This designation is designed to avoid confusion with filings in the civil 28 U.S.C. 2255 case filed by the Defendant, *Valdes v. United States*, 1:10-cv-23563-Altonaga. The civil case was administratively closed by order of the Court on December 9, 2010.

months as to Count 2, which shall run consecutive to the terms imposed for Counts 1, 3, 4, and 5.

DE57, at p. 2.

Valdes was also ordered pay restitution to the victim, the Centers for Medicare and Medicaid ("CMS"), in the amount of $3,467,083.44. (DE57).

After sentencing, Valdes filed a direct appeal of his sentence to the Eleventh Circuit. In an unpublished *per curiam* opinion filed March 17, 2009, the Eleventh Circuit rejected all of Valdes's arguments, and affirmed the judgment of this Court. *United States v. Valdes*, 319 Fed. Appx. 810, 2009 U.S. App. LEXIS 5578 (11th Cir. 2009). Several months later, on October 5, 2009, the United States Supreme Court denied Valdes's petition for writ of certiorari. *Valdes v. United States,* 130 S. Ct. 308 (October 5, 2009).

Approximately nine months later, on July 18, 2010, Valdes filed a Motion for New Trial (DE105) based largely on prosecutors John S. Darden and Kirk Ogrosky's post-trial disclosure that a trial witness, Angie Hernandez, may have testified inconsistently at a subsequent trial. The Court denied in part and granted in part this motion on November 22, 2010. (DE119). Specifically, the Court denied Valdes's motion for a new trial on his conviction for conspiring to defraud the United States (Count 1) and conspiring to commit health care fraud (Count 2), but granted Valdes a new trial on the kickback counts. (Counts 3, 4 and 5).

Because Valdes's sentence would be 151 months ***with or without*** the kickback counts, the United States moved the Court to dismiss the kickback counts without prejudice instead of re-trying the case as to those counts. On December 14, 2010, the Court dismissed the kickback counts without prejudice. (DE 130).

On April 12, 2011, Valdes was resentenced to a term of 110 months imprisonment as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 110 months. This term consists of 31 months as to Count 1, and 110 months as to Count 2, with all such terms to be served concurrently.

DE 146, at p. 2. Valdes did not appeal the resentence. The judgment, following resentencing, was entered on April 12, 2011.

## II. LEGAL STANDARD FOR SECTION 2255 MOTIONS

Section 2255 motions are limited to situations where the sentence imposed violated the Constitution or laws of the United States, the court lacked jurisdiction to impose the sentence, or the sentence exceeded the maximum penalty prescribed by law. *See* 28 U.S.C. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962). As the United States Supreme Court has consistently held, habeas review, such as a Section 2255 motion, is an extraordinary remedy and "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) *citing and quoting Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal citations omitted); *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

Section 2255(f) provides that a "1-year limitation shall apply to a motion under this section." It further provides that the limitation:

> shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment becomes final when the time for seeking review of that judgment expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). The time for

filing an appeal of a district court sentence is ten days from the entry of the judgment. Fed. R. App. P. 4(b).

Arguments not raised at trial or on appeal are procedurally barred from being raised in a Section 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Frady*, 456 U.S. 152, 170 (1982).[2] Procedurally defaulted claims cannot be heard on the merits on collateral review unless the movant can demonstrate "cause" for each failure to raise the claim earlier, as well as "actual prejudice" resulting from the alleged error. *See Frady*, 456 U.S. at 170. The "cause and prejudice" standard requires the movant to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170. If the movant cannot show cause and prejudice, he cannot have his claim considered unless he can demonstrate "actual innocence." *Bousley v. United States*, 523 U.S. 614, 620-23 (1998).

Section 2255 relief should be granted only if the claim alleges a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. Furthermore, "the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment." *Strickland v. Washington*, 466 U.S. 668, 697 (1984) *citing United States v. Frady*, 456 U.S. 152, 162-169 (1982); *Engle v. Isaac*, 456 U.S. 107, 126-129 (1982).

The Section 2255 movant bears the burden of establishing each of his claims by a preponderance of the evidence. *See Tarver v. United States,* 344 Fed. Appx. 581, 582 (11th Cir.

---

[2]   The procedural default doctrine reflects the "general rule" that "claims not raised on direct appeal may not be raised on collateral review." *Massaro*, 538 U.S. at 504. The rule is "adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id.*

5

Ga. 2009) *citing Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).   A hearing is not required "on patently frivolous claims or those which are based on unsupported generalizations." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) *quoting Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979), *cert. denied*, 450 U.S. 934 (1981).

### III.   ARGUMENT

Movant's April 30, 2012 Motion to Vacate is based on four claims:  (1) he was denied his Sixth Amendment right to the effective assistance of counsel at resentencing because his trial counsel failed to object to the Court's proper application of the criminal history enhancement under USSG § 4A1; (2) he was denied his Sixth Amendment right to the effective assistance of counsel at resentencing based on the his trial counsel's failure to object to the Court's application of USSG § 5H1.4; (3) he was denied his Sixth Amendment right to effective assistance of counsel based on his trial counsel's failure to raise Movant's post-incarceration rehabilitation efforts and medical hardship; and (4) he was denied his Sixth Amendment right to effective assistance of counsel based on his trial counsel's failure to argue double jeopardy as to Counts One and Two of the Indictment.

Movant's Motion to vacate should be denied because (1) it is time barred; (2) he failed to raise any of the claims on appeal; and (3) the claims, even if not time barred and procedurally barred, do not satisfy the high standard set forth in *Strickland*.  Specifically:  (1) Movant was not denied his Sixth Amendment right to the effective assistance of counsel at resentencing based on his trial counsel's failure to object to the Court's proper application of USSG § 4A1; (2) the Court's decision to apply USSG § 5H1.4 was reasonable and had nothing to do with counsel's effective assistance; (3) there is no basis under the law requiring counsel to raise Movant's post-incarceration rehabilitation efforts and medical hardship with the Court at resentencing; and (4)

6

he was not denied his Sixth Amendment right to the effective assistance of counsel because Movant's counsel failed to argue double jeopardy, because there was no double jeopardy violation.

### A. Movant's Entire Section 2255 Motion is Time Barred

Section 2255(f) imposes a one-year limitation on the filing of motions. The one-year can run from a number of different dates, but the only applicable date in this case is the date Movant's judgment became final. Movant does not allege an impediment to his filing the motion created by governmental action; he does not allege that the Supreme Court has newly recognized a right applicable to his case; and he does not allege that facts supporting his motion were hidden from him and could not have been discovered through the exercise of due diligence. Therefore, the one-year limitation runs from the date his judgment became final.

Movant's judgment, following resentencing, was entered on April 12, 2011. That judgment became final on April 22, 2011, when his time to appeal ran. See *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed. R. App. P. 4(b). Because Movant did not file his motion until April 30, 2012, more than one year after April 22, 2011, his claims are time barred under Section 2255(f).

### B. Movant's Section 2255 Motion is Procedurally Barred

Movant did not appeal his resentencing. Under the procedural default doctrine, an argument is procedurally barred (or "procedurally defaulted") in a Section 2255 motion if it was not raised at trial and on appeal. See *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Frady*, 456 U.S. 152, 170 (1982).[3]

---

[3] The procedural default doctrine reflects the "general rule" that "claims not raised on direct appeal may not be raised on collateral review." *Massaro*, 538 U.S. at 504. The rule is "adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id.*

7

Additionally, Movant cannot meet the "cause and prejudice" exceptions to this doctrine. Procedurally defaulted claims cannot be heard on the merits on collateral review unless the movant can demonstrate "cause" for each failure to raise the claim earlier, as well as "actual prejudice" resulting from the alleged error. *See Frady*, 456 U.S. at 170. The "cause and prejudice" standard requires the movant to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170. If the movant cannot show cause and prejudice, he cannot have his claim considered unless he can demonstrate "actual innocence." *Bousley v. United States*, 523 U.S. 614, 620-23 (1998). Movant does not cite any cause for his failure to raise the issues in an appeal, he does not establish prejudice, and he makes no claims of actual innocence.

**C. Movant's Claims Fail Under *Strickland***

**1. Legal Standard for Ineffective Assistance of Counsel Claims**

As the Supreme Court explained in *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986), ineffective assistance of counsel claims raised in habeas petitions must meet the "rigorous standard" of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the movant must meet both prongs of a two-pronged test known as the "performance" and "prejudice" prongs.[4]

**The "Performance" Prong**

The "performance" prong of *Strickland* requires Movant to show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688;

---

[4] The burden of proof for demonstrating ineffective assistance of counsel remains on the movant. *Roberts v. Wainwright*, 666 F.2d 517, 519 n. 3 (11th Cir. 1982).

*see also Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (March 21, 2012).  Put another way, a movant must show that her lawyer's "performance was deficient" in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

When a court evaluates the "performance" prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and in order to be fair and avoid hindsight "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy." *Id.* at 689.  Thus, in order to prevail, the Eleventh Circuit has made clear that "[a] petitioner must identify specific acts or omissions that were not the result of reasonable professional judgment, and a court should deem these acts or omissions deficient only if they 'were outside the wide range of professionally competent assistance.'" *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).  "[T]he deference afforded an attorney's decision is great and the bar for proving a Sixth Amendment violation is high." *Id.* at 1059.  Given the "strong presumption in favor of competence," a movant seeking to prove a Sixth Amendment violation "must establish that no competent counsel would have taken the action that his counsel did take." *Id.* (*quoting Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*).

**The "Prejudice" Prong**

Under the "prejudice" prong, a movant must "affirmatively prove prejudice" by showing that counsel's errors "were so serious as to deprive the defendant of a fair trial" and that such errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 687, 693.  To make this showing, a movant must demonstrate more than "some conceivable effect on the

outcome of the proceeding." *Id.* at 693.  A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Lafler*, 132 S. Ct. at 1384.  The Eleventh Circuit has cautioned that "this standard is difficult to meet." *Brownlee*, 306 F.3d at 1059.  Thus, cases in which a defendant can prove ineffectiveness "are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  Finally, when conducting the prejudice inquiry, a court must consider counsel's error in the context of "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695.[5]

### 2. Movant Cannot Satisfy The *Strickland* Test

For the reasons set forth below, Movant cannot succeed on his Sixth Amendment ineffective assistance of counsel arguments because he cannot meet the substantial burden of proof required to support his ineffective assistance claims.

**Movant Cannot Satisfy the "Performance" Prong of the Strickland Test.**

Under the "performance" prong of the *Strickland* test, Movant has not attempted to and cannot establish that "no competent counsel would have taken the action that his counsel did take." *Chandler*, 218 F.3d at 1314-15.  Under applicable precedent, defense counsel's performance here can be considered deficient only if it was "outside the wide range of professionally competent assistance." *Brownlee*, 306 F.3d at 1059 *quoting Strickland*, 466 U.S.

---

[5]   In reviewing an ineffective assistance claim, if the Court determines that a movant suffered no prejudice even if counsel's performance was deficient, it can reject the claim based on the second prong of *Strickland* without conducting a full analysis of the first prong. *See id.* at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.")

at 690.  It was not.  Indeed, counsel's Movant's Motion for a New Trial (105) ultimately lead to a 41-month reduction of his original sentence.

Though unclear, the government believes that **Grounds One and Two** center on Movant's belief that his trial counsel failed to challenge the Court's application of the criminal history enhancement under USSG § 4A1.  However, the Court correctly calculated Movant's criminal history.  Under USSG § 4A1.1(a), a court may impose a three-point enhancement for each prior sentence of imprisonment exceeding one year and one month. The Probation Office's Presentence Investigation Reports ("PSIs") recommended a total of six criminal history points and a criminal history category of III under USSG § 4A1.1(a).  The basis for the PSI recommendations centered on Movant's August 29, 1996 conviction for conspiring to violate the Medicare anti-kickback statute (3 points), along with Movant's January 17, 1998 conviction for his role in a conspiracy to commit health care fraud (3 points).  Each of Movant's prior convictions fall squarely under USSG  4A1.1(a), and he presents no credible argument that his counsel's decision not to argue against Movant's criminal category outcome fell "outside the wide range of professionally competent assistance." *Brownlee*, 306 F.3d at 1059.

Movant's **Third Ground** alleges ineffective assistance on the basis that his counsel at resentencing failed to argue that Movan't sentence should be reduced because of his post-incarceration rehabilitation efforts.  Given that Movant was being sentenced for participating in a Medicare fraud scheme for the third time, one might forgive defense counsel for not attempting to argue that Movant had turned the corner in prison (this time).  In any event, defense counsel's failure to make every possible argument at resentencing is not a violation of Movant's Sixth Amendment rights.

Movant's **Fourth Ground** to vacate his sentence is based on an alleged violation of the Double Jeopardy clause of the Fifth Amendment. The Double Jeopardy clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." The test to determine whether the Double Jeopardy clause was violated was handed down in *Blockburger v. United States*, 284 U.S. 299 (1932). In *Blockburger*, the Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304.

The Supreme Court has identified two vitally important interests vis a vis the Double Jeopardy clause: (1) that the government should not be allowed to make repeated attempts to convict an individual for an alleged offense; and (2) the preservation of the finality of judgments. *See Yeager v. United States*, 557 U.S. 110, 117-118 (2009) (citations omitted). Here, Counts One and Two of the Indictment charge separate and distinct crimes, and, therefore, Movant's claim has no basis under the law.

Movant was charged in Count One of the Indictment with conspiring with Henry and Karla Gonzalez (the "Gonzalezes") and Alfonso Rodriguez to (1) defraud the United States, (2) cause the false submission of claims by Unimed to Medicare for medically unnecessary compounded aerosol equipment, and (3) receive kickbacks from Medicare payments to Unimed for these medications in violation of 42 U.S.C. § 1320a-7b(b)(b)(1)(B), all in violation of 18 U.S.C. § 371. Count Two charged Movant with conspiring with the Gonzalezes to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349. To be convicted of a section 371 conspiracy, the government must prove beyond a reasonable doubt that (1) two or more persons

in some way agreed to try to accomplish a shared and unlawful plan; (2) the defendant knew the unlawful purpose of the plan and willfully joined in it; (3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and (4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy." *Eleventh Pattern Jury Instruction*, Instruction 13.1, Conspiracy (2010 ed.). In contrast, 18 U.S.C. §1349 is violated when "any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Upon the face of each statute, two distinct offenses are created.

**Movant Has Not Shown a Failure of Counsel that Was Objectively Unreasonable or Prejudicial.**

Even if Movant's claims were successful, the outcome of his resentencing would not have been different. Movant has not and cannot "affirmatively prove prejudice" by showing that counsel's errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693. Defense counsel's actions in this case were reasonable, and any supposed errors on his part had no "conceivable effect on the outcome of the proceeding[.]" Any supposed *Strickland* prejudice stemming from his defense counsel's performance must be evaluated in light of one simple fact: the Movant was being sentenced for committing Medicare fraud for the third time.

13

**IV.     Conclusion**

For the foregoing reasons, the United States respectfully requests that Nelson Valdes's Motion to Vacate Sentence Under 28 U.S.C. § 2255 be denied without further hearing.

Dated: June 15, 2012

                                                Respectfully submitted,

                                                _____*/s/*_____
                                                Allan J. Medina
                                                Court ID No. A5501748
                                                Trial Attorney
                                                Criminal Division, Fraud Section
                                                1301 New York Avenue, N.W.
                                                LL-002, Cube 10
                                                Washington , DC 20005
                                                Tel: (202) 257-6537
                                                Fax: (202) 514-6118
                                                E-mail: Allan.Medina@usdoj.gov

## CERTIFICATE OF SERVICE

On this 15th day of June 2012, I hereby certify that a true and correct copy of the foregoing was filed electronically and defense counsel received a copy and notice electronically.

                                                       /s/
                                      Allan J. Medina
                                      Court ID No. A5501748
                                      Trial Attorney
                                      Criminal Division, Fraud Section
                                      1301 New York Avenue, N.W.
                                      LL-002, Cube 10
                                      Washington , DC 20005
                                      Tel: (202) 257-6537
                                      Fax: (202) 514-6118
                                      E-mail: Allan.Medina@usdoj.gov